FILED

2008 Jul-11  AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAULA COCKRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **T L THOMPSON & ASSOCIATES,** | ) | |
| **INC, a Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

### Jurisdiction & Venue

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act[1]  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.    This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.     The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.     Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendant resides in this Judicial District as Defendant is subject to personal jurisdiction in this Judicial District.

## **PARTIES**

1.     Plaintiff Paula Cockrell (hereinafter "Plaintiff Cockrell") is a natural person who resides in the City of Birmingham, County of Jefferson, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2.     Defendant T L Thompson & Associates, Inc. (hereinafter "Defendant Thompson") is a collection agency incorporated in Texas and having its principle place of business at the address of PO Box 496149 Garland, Texas, and does business in this judicial district, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## FACTUAL ALLEGATIONS

3.    Plaintiff Cockrell filed for and received a bankruptcy discharge on June 26, 2007, from the Northern District of Alabama.

4.    This included the subrogation debt that State Farm claimed Plaintiff Cockrell owed.

5.    After the bankruptcy discharge, Defendant Thompson demanded payment from Plaintiff Cockrell for this discharged debt.

6.    After being informed by Plaintiff Cockrell that she had filed for bankruptcy and that this debt was discharged, Defendant Thompson stated that Plaintiff Cockrell had actually not included the debt and was still liable for it.

7.    Defendant Thompson told Plaintiff Cockrell that the debt was not discharged and that Defendant Thompson had "looked up the matter" and made this determination.

8.    In her justifiable and reasonable reliance upon the false and misleading representations of Defendant Thompson, Plaintiff Cockrell paid a number of payments on this discharged debt.

9.    All of the Defendant's misconduct caused Plaintiff Cockrell past and future damages, including financial and emotional distress.

10.   All of the Defendant's misconduct complained of herein occurred within the last twelve months.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

11.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA.  Defendant's violations of the FDCPA include, but are not limited to, the following:

- False representations;

- Unfair misconduct in all aspects of the collection of the account; and

- False, unfair, and illegal collection misconduct.

13.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### SECOND CLAIM FOR RELIEF
### Invasion Of Privacy By Intrusion Upon Seclusion

14.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

15.  Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

16.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

17.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

18.  Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or

private concerns or affairs of the Plaintiff, namely, by Defendant's repeated and unlawful attempts to collect a debt.

19.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

20.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

21.   The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

22.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

23.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## THIRD CLAIM FOR RELIEF
### Misrepresentation and/or Suppression

24.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

25.     Defendant intentionally, maliciously, recklessly and/or negligently has committed misrepresentations of material facts in that the Defendant has falsely represented that Plaintiff owes money to that Defendant and has suppressed the truth that Plaintiff no longer has any personal liability to the Defendant and that the account in question was discharged in bankruptcy.

26.     Defendant intentionally, maliciously, recklessly and/or negligently has committed misrepresentations of material facts in that Defendant told Plaintiff Cockrell that she did not include her account in bankruptcy and that she still owed the debt.

27.     Defendants suppressed the fact that it was lying to the Plaintiff Cockrell and that subrogation debts can be discharged and this subrogation debt was discharged.

28.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct related to the misrepresentations and suppressions of material facts has proximately caused the damages set forth in this complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages;

- for an award of statutory damages of $1,000.00 per violation;

- for an award of costs of litigation and reasonable attorney's fees;

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damage in an amount to be determined at trial for Plaintiff; and

- for such other and further relief as may be just and proper.

## **TRIAL BY JURY**

29.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses:**

T L Thompson & Associates, Inc.
c/o T L Thompson
330 Oaks Trail
Garland, Texas 75043